IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DWAYNE HARRELL                                                                                          PETITIONER

VS.                                                                              CIVIL ACTION NO  3:07cv607-DPJ-FKB

LAWRENCE KELLY, et al.                                                                           RESPONDENTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Dwayne Harrell, a state prisoner.  Having considered the petition, response, and state court record, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

**I. FACTS AND PROCEDURAL HISTORY**

On November, 16, 2001, Marvin Bates and his cousin, Fernando Chesser, were crossing a Magnolia, Mississippi street when a car occupied by Harrell, Vasco Hale, and Lashorn Harrell (Lashorn) pulled up.  Harrell and Bates had been involved in a previous altercation approximately six months earlier.  The incident underlying the present case began with Harrell exiting the car and throwing a bottle at Bates, who dodged it.  The altercation escalated, and Bates was shot.  Harrell was indicted  by a Pike County Grand Jury and tried in the Circuit Court of Pike County for the crime of aggravated assault.

At trial the primary factual issue was whether Harrell was the shooter.  Bates and Chesser testified that Harrell pulled a gun out from his shirt and shot Bates.  Also testifying on behalf of the prosecution were Shamekia Jackson, Dr. William Dixon, and two investigating officers.  Jackson, who was visiting at a nearby home, stated that she

heard gunshots and saw Bates running and holding his side.  Randy Perryman, a Magnolia police officer dispatched to the scene, and Dr. Dixon, who treated Bates immediately after the shooting, both testified that Bates identified Harrell as the person who shot him.

Harrell took the stand at trial and denied shooting Bates.  He claimed that after he threw the bottle at Bates, he heard a shot fired from behind him, where Chesser was standing.  After he heard the shot, Harrell ran into the woods.  He denied owning a gun or having one on the day of the shooting.  Lashorn, called as an adverse witness by the state, corroborated Harrell's version to some extent.  He testified that he did not see who shot Bates, but that Harrell had not been carrying a gun.  Lashorn also testified that he heard Bates demand that Chesser give him "that thing," and that he interpreted this to mean that Bates was asking Chesser to give him the gun.

The jury convicted Harrell and sentenced him to twenty years in prison plus restitution of approximately $100,000.  The Supreme Court of Mississippi affirmed.  Harrell then filed the present habeas petition, raising the following grounds for relief:

1. The trial of his case by only ten jurors violated his right to a fair trial.

2. His attorney rendered ineffective assistance at his sentencing hearing.

3. His attorney rendered ineffective assistance in failing to subpoena witnesses and in failing to prepare for trial.

4. His attorney rendered ineffective assistance in failing to move for a mistrial when he was left with only ten jurors to try his case.

## II.  ANALYSIS

**A.  Procedurally-barred Claim**

Ground One has never been presented to the Mississippi courts. However, Harrell no longer has any avenue available by which to pursue this claim in state court, as any post-conviction claim would now be barred pursuant to the three-year statute of limitations of Miss. Code Ann. § 99-39-1. Thus, Petitioner has technically exhausted his state court remedies on this claim, and because it would now be procedurally barred in state court, this court may not review its merits. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Furthermore, the undersigned is compelled to point out that this claim is patently without merit. After the lunch break during the trial, it was discovered that two jurors had gone to lunch with Harrell's father. When questioned by the judge, the two jurors explained that they had not known that the gentlemen with whom they had lunch was the defendant's father. The trial judge excused the two jurors and reprimanded Harrell's father and barred him from the courtroom for the remainder of the trial. The excused jurors were replaced by two alternates, who served for the duration of the trial. Thus, it is clear from the record that Harrell was tried and convicted by a jury consisting of twelve jurors.[1]

**B. Claims Adjudicated on the Merits**

The remainder of the claims presented in Harrell's petition were previously

---

[1] Harrell's attorney unsuccessfully objected to their removal. On direct appeal, Harrell claimed that his attorney should have moved for a mistrial because of the court's *removal* of the jurors. The undersigned does not read Harrell's habeas petition as including this specific allegation of ineffective assistance. In any event, there is nothing in either the petition or the record to indicate that Welch's performance was deficient in failing to seek a mistrial or that Harrell was in any way prejudiced by this failure.

3

presented to and adjudicated on the merits by the state court within the meaning of 28 U.S.C. § 2554(d) in his direct appeal. They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of these claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States." *Id.* The Supreme Court has repeatedly stated that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Renico,* 130 S.Ct. at 1862 (quoting *Williams*, 529 U.S. at 409).

Claims Two, Three and Four all allege that Harrell was denied effective assistance of counsel at trial. Ineffective assistance claims are analyzed under the familiar two-prong analysis of *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that his attorney's performance was deficient. 466 U.S at 688. "Deficient" means that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. If a petitioner succeeds in establishing deficiency on his counsel's part, then he must go on to demonstrate that his attorney's deficient performance prejudiced the defense such that "there is a reasonable probability that, but

4

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The standard of review of an attorney's performance is "highly deferential," and a court considering an ineffectiveness claim is to "indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Id.* at 689.

Petitioner was represented during the trial by Thomas P. Welch, an attorney with the public defender's officer.  At his sentencing, another attorney from the public defender's office stood in for Mr. Welch.  Harrell complains that Welch failed to appear at his sentencing and that the attorney who came in Welch's place did not allow him to speak at his sentencing.  Admittedly, the sentencing was brief, and Harrell's attorney made no statement or argument.  However, Harrell fails to give any details as to how his attorney's performance was deficient other than having discouraged him from making a statement.  Furthermore, Petitioner indicates that the substance of the statement he desired to make was to argue that it was unfair for him to have been tried and convicted by only ten jurors. [2]  Clearly, he cannot show prejudice from not having been allowed to make such an argument, as its premise was false.  The undersigned concludes that the state court's rejection of this claim was objectively reasonable.

In Ground Three, Harrell contends that this attorney was ineffective in failing to subpoena witnesses on his behalf.  The witnesses to which he is referring are apparently

---

[2]Plaintiff's original petition was not in the form and manner prescribed by the habeas rules.  He filed an amended petition after being ordered by the Court to do so.  Harrell's description of the proposed statement is not in the amended petition; it was, however, included in the original petition.

5

Hale and Lashorn.  The trial transcript indicates that Welch intended to call these two witnesses, but relied upon the fact that the state had issued subpoenas for them.  Prior to trial, it was discovered that Hale had moved out of the state and could not be located.  Harrell's attorney moved for a continuance on this basis, but the motion was denied.  On appeal, the state court concluded that counsel's failure to issue his own subpoenas did not render his performance deficient, in that he was entitled to rely upon the state's subpoena.  The supreme court also acknowledged that Welch's failure to issue subpoenas for these witnesses, once he knew the state had done so, was consistent with a strategy of concealing his intent to use prosecution witnesses as part of his defense.

Complaints of ineffective assistance of counsel based upon failure to call a witness seldom provide a basis for federal habeas relief.  *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  In order to prevail on such a claim, a habeas petitioner "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to the defense."  *Id.*  Harrell has met none of these requirements.  He has not even named Hale in the petition, much less stated what his testimony might have been.  Furthermore, Lashorn did appear and testify at the trial; thus, the defense's failure to issue a subpoena for him had no effect.  The undersigned agrees that Harrell has failed to establish that his attorney's performance was deficient or that he was prejudiced in any way by his attorney's actions.

Harrell also complains that his attorney was not prepared for trial.  Harrell's trial was held on Thursday, July 15, 2004.  The record indicates his attorney did not learn until

6

the evening of July 14, 2004, that the trial would be held the following day, rather than a few days later. However, Welch did not request a continuance and announced ready for trial on the morning of July 15. Harrell points to no specific actions or failures on the part of his attorney that resulted from any failure to prepare. As the Mississippi Supreme Court noted, the case had been set for trial on two previous occasions but had been continued. There is simply nothing in the record to indicate that Welch was unprepared.

In summary, the undersigned concludes that the state court's rejection of the ineffective assistance claim set forth as Ground Three did not result in an unreasonable application of *Strickland*. Accordingly, no relief is warranted.

Harrell's final allegations of ineffective assistance, set forth in Ground Four of his petition, are that his attorney failed to move for a mistrial when the number of jurors was reduced to ten and that his attorney failed to file a motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. These allegations are belied by the record. As stated *supra*, the number of jurors trying Harrell's case was not reduced: the two excused jurors were replaced by two alternates. The latter allegation is likewise refuted by the record, which indicates that defense counsel filed a motion for JNOV or, in the alternative, for a new trial, and that it was denied.[3]

### III. CONCLUSION

Petitioner has failed to establish that the state court's adjudication of his ineffective assistance claims was contrary to, or involved an unreasonable application of, clearly

---

[3] The state court record does not contain a copy of the motion. It does, however, contain an order denying the motion.

established Supreme Court law.  The remaining claim is procedurally barred. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of December, 2010.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE